**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**TUY VAN NGUYEN, Defendant–
Appellant.**

No. 05–20262

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 2006.

George W. Lang, II, Houston, TX, for
Defendant–Appellant.

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM: *

Tuy Nguyen appeals the sentences im-
posed following the entry of his guilty plea
to conspiracy to possess with intent to
distribute methylenedioxymethampheta-
mine ("MDMA") (count one), aiding and
abetting possession with intent to distrib-
ute MDMA (count four), and possession of
a firearm in furtherance of a drug traffick-
ing crime (count five). Nguyen was sen-
tenced to concurrent 57–month terms of
imprisonment as to counts one and four
and to a consecutive 60–month term for
count five. He was also sentenced to con-
current five-year periods of supervised re-
lease for each count. He contends that
the sentences are unreasonable because
the district court declined to depart down-
ward based on cultural assimilation.

Nguyen does not challenge the calcula-
tion of the advisory guideline range. The
district court considered the sentencing
guidelines, along with the sentencing fac-
tors set forth in 18 U.S.C. § 3553(a), and

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

determined that sentences at the low end of the guidelines range were appropriate. Nguyen's sentences within the properly calculated guidelines range are presumptively reasonable, and he has failed to demonstrate that his sentences are unreasonable. *See United States v. Alonzo*, 435 F.3d 551, 554–55 (5th Cir.2006). Nothing in the record indicates that the district court based its decision not to depart downwardly on an erroneous belief that it lacked authority to depart. *See United States v. Landerman*, 167 F.3d 895, 899 (5th Cir.1999).

AFFIRMED.